UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GABRIEL RALPHS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-408** |
| **NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA, ET AL.,**<br>    **Defendants** | **SECTION: "E" (5)** |

### ORDER

Before the Court is a Motion for Summary Judgment filed by Third Party Defendant Flexicrew Staffing, L.L.C. ("Flexicrew").[1] Flexicrew seeks summary judgment in its favor finding there is no genuine dispute of material fact and the cross-claim filed by Energy Response Group, L.L.C. ("ERG") against it has no basis as a matter of law. For the reasons that follow, Flexicrew's Motion for Summary Judgment is denied.

### BACKGROUND

Plaintiff Gabriel Ralphs was employed by Flexicrew and worked as a deckhand on vessels participating in the BP oil spill clean-up response.[2] On or about June 20, 2010, Ralphs claims to have sustained severe personal injuries while working in service of a vessel as a crew member.[3] Ralphs filed an amended complaint adding ERG as a defendant, claiming Ralphs worked as a borrowed employee and/or at the direction and under the control of ERG.[4] In its answer, ERG filed a cross-claim against Flexicrew claiming ERG is entitled to defense and indemnity from Flexicrew with respect to Ralph's claims against ERG.[5]

---

[1] R. Doc. 53.
[2] R. Doc. 1, p. 2.
[3] *Id.*
[4] R. Doc. 6, p. 3.
[5] R. Doc. 22, pp. 10–13.

## STANDARD OF LAW

Rule 56 of the Federal Rules of Civil Procedure mandates the Court "grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[7] All reasonable inferences must be drawn in favor of the non-moving party,[8] but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment."[9] The Court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party."[10]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[11] The non-moving party can then defeat the motion by either countering with sufficient evidence of its

---

[6] Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). A fact is "material" if it may affect the outcome of the action, and a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[7] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). S*ee also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

[8] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

[9] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation marks and citation omitted).

[10] *Delta*, 530 F.3d at 399.

[11] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (internal quotation marks and citation omitted).

own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[12]

If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim.[13] The burden then shifts to the non-moving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.[14] The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial.[15]

## ANALYSIS

On October 14, 2014, Flexicrew filed the instant motion for summary judgment arguing ERG's cross-claim against it is without support and should be dismissed as a matter of law.[16] Flexicrew's motion for summary judgment is premised on its argument that the only basis of ERG's cross claim is the "Final Waiver and Release, Affidavit of Bills Paid and Indemnification" agreement ("Final Waiver").[17] This is incorrect. Paragraphs five, six, and seven of the cross-claim reference the subcontract between Flexicrew and ERG,[18] and paragraph ten of the cross-claim clearly states a claim based on the *subcontract*: "Additionally, pursuant to said subcontract, ERG is entitled to

---

[12] *Id.* at 1265.
[13] *See Celotex*, 477 U.S. at 325.
[14] *See id.* at 324.
[15] *See, e.g.*, *id.* at 325; *Little*, 37 F.3d at 1075.
[16] R. Doc. 53.
[17] The motion states: "ERG asserts [in its cross-claim] that Flexicrew is required to provide it with defense and indemnity pursuant to a lien waiver, 'Final Waiver and Release, Affidavit of Bills Paid and Indemnification' agreement, executed in Alabama two years and four months after the subject incident occurred." R. Doc. 53-1, p. 2 (citing R. Doc. 22, p. 10).
[18] The subcontract is the Master Subcontractor Agreement ("MSA"), which ERG and Flexicrew entered into in 2010. *See* R. Doc. 57-2, p. 2.

defense and indemnity from Flexicrew with respect to the Plaintiff's claims against ERG herein."[19]

Flexicrew's Motion for Summary Judgment fails to address whether there are material facts in dispute with respect to the subcontract or whether it is entitled to judgment as a matter of law with respect to claims for defense and indemnity under the subcontract. Accordingly, Flexicrew has failed to establish that there is no genuine dispute of material fact with respect to the claims made under the cross-claim or that it is entitled to judgment as a matter of law on all claims made in ERG's cross-claim.

## CONCLUSION

**IT IS ORDERED** that Flexicrew's Motion for Summary Judgment is **DENIED**.[20]

New Orleans, Louisiana, this 5th day of August, 2015.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[19] R. Doc. 22, p. 12.
[20] R. Doc. 53. Flexicrew may file another motion for summary judgment addressing all claims asserted in ERG's cross-claim, provided it does so by the deadline for dispositive motions set forth in the Court's Scheduling Order. The Court notes the deadline set forth in the Scheduling Order for amendments to cross-claims has not yet passed. R. Doc. 123. Accordingly, the Court grants ERG leave to amend its cross claim by August 13, 2015 if it wishes to clarify the theory or theories of indemnification on which it is relying and the factual allegations supporting its claims.